## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ROLLER RABBIT LLC,

        Plaintiffs,

vs.

SHEIN dba DREAM ENJOYMENT PJ, *et al.*

        Defendants.

Case No.  1:25-cv-10005-JGK

**STIPULATION AND** ~~PROPOSED~~
**PROTECTIVE ORDER**

WHEREAS, the undersigned parties[1] to this action, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     (A) Counsel for any party may designate, pursuant to Section 3, any document or information, in whole or in part, as "Confidential Information" if counsel determines, in good faith, that such designation is necessary to protect the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

     (B) Counsel for any party may designate, pursuant to Section 3, any document or information, in whole or in part, as "Highly Confidential – Attorney's Eyes Only Information" if if counsel determines, in good faith, that such designation is necessary to protect the interests of

---

[1] Shein Distribution Corporation ("SDC") was erroneously sued in this action as Defendants "SHEIN dba DREAM ENJOYMENT PJ," "SHEIN dba MYSSTILOVE," "SHEIN dba HOREA," and "SHEIN dba ELLAA." SDC's rights and obligations under this Stipulation and Proposed Protective Order further extend to its non-party affiliate, SHEIN U.S. Services, LLC ("SHS").

1

Case 1:25-cv-10005-JGK    Document 39    Filed 01/08/26    Page 2 of 7

the client in information that is of such a private, sensitive, competitive or proprietary nature that present disclosure to a party would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive interests of the party. Information and documents designated by a party as Highly Confidential, will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall include all information referring or relating to any of the foregoing, including, but not limited to, copies, summaries, and abstracts of the foregoing.

(C) The Confidential Information and Highly Confidential – Attorney's Eyes Only Information shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Order; (b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (c) was lawfully possessed by, or lawfully came into the possession of, the non-designating party prior to the entry by the Court of this Order.

2.      The Confidential Information and Highly Confidential – Attorney's Eyes Only Information disclosed and/or produced in this matter will be held and used by the person receiving such information solely for use in connection with the action.

3.      (A) In the case of documents and other tangible things, the designating party shall mark such matters "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" at or prior to the time of production and in a manner so as not to interfere with the legibility of the documents, on each page containing such information to which the designation applies. All documents and, to the extent practical, tangible things produced shall be identified by Bates number and the appropriate confidentiality legend shall be placed near the Bates number. Documents produced in native format will be designated by adding the letters "CI," for Confidential Information or "AEO" for Highly Confidential – Attorney's Eyes Only Information to the end of the Bates number in the file name of the native document, as produced.

(B) In the case of depositions, counsel for the designating party shall state on the record that the deposition or a specified portion thereof involves the designating party's Confidential Information or Highly Confidential – Attorney's Eyes Only Information, or so

2

Case 1:25-cv-10005-JGK    Document 39    Filed 01/08/26    Page 3 of 7

advise all counsel within fourteen (14) days of receipt of the final transcript. From the date of the deposition until the end of this 14-day period, all deposition transcripts and the information contained therein shall be deemed Highly Confidential – Attorney's Eyes Only Information. Counsel for the designating party shall have the right to exclude any person who is not authorized by this Order from attending any deposition and from receiving the designated protected information, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving or relating to such designated protected information.

4.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential – Attorney's Eyes Only Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential - Attorney's Eyes Only Information.

5.    (A) Information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.    The requesting party, including in-house counsel;

b.    Outside counsel for the requesting party;

c.    Employees and/or agents of outside counsel assigned to and necessary to assist in the litigation;

d.    Consultants or experts retained to assist in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel;

e.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

f.    Witnesses and deponents in this litigation; and

g.    Court reporters, videographers, and other persons involved in recording deposition testimony in this litigation.

(B) Information designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed to any person, except individuals listed in Sections 5(A)(b)-(e) and 5(A)(g) of this Order.

6.      Prior to disclosing or displaying Confidential Information or Highly Confidential – Attorney's Eyes Only Information to any person, counsel must:

a.      Inform the person of the confidential nature of the information or documents;

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.      Require each such person to sign an agreement to be bound by this Order in the form attached hereto, except for those persons identified in paragraphs 5(b), (c), (e) and (g).

7.      The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential – Attorney's Eyes Only Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential – Attorney's Eyes Only Information, subject to all the terms of this Stipulation and Order.

8.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall

Case 1:25-cv-10005-JGK    Document 34    Filed 01/06/26    Page 5 of 8

immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.      Notwithstanding the designation of information as "Confidential" or "Highly Confidential – Attorney's Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11.      At the conclusion of litigation, Confidential Information or Highly Confidential – Attorney's Eyes Only Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.      Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Highly Confidential – Attorney's Eyes Only Information if otherwise required by law or pursuant to a valid subpoena.

13.      If any party receives a subpoena or demand in another action or other compulsory process commanding production of information designated as Confidential or Highly Confidential – Attorney's Eyes Only that a party has obtained under the terms of this Order,

counsel for such party shall, if there are ten (10) or fewer days to comply, within two (2) business days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the designating party in writing, and shall not produce the information designated as Confidential or Highly Confidential – Attorney's Eyes Only until the designating party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the designating party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the designating party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

14.     Execution of the Agreement attached as Exhibit A by a non-party shall not subject that non-party to personal jurisdiction in this Court except for the limited purpose of enforcement of this Order.


SO STIPULATED AND AGREED.


GREENBERG TRAURIG, LLP                    SRIPLAW, P.A.


_/s/ Justin A. MacLean_____              _/s/_ [signature]

Attorney for Shein Distribution Corp.      Attorney for Plaintiff Roller Rabbit LLC

Dated: January _6_, 2026                   Dated: January _6_, 2026


SO ORDERED.


6

Dated: 1/7/26

New York, New York

_____
JOHN G. KOELTL, U.S.D.J.

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

So ordered.

1/7/26    U.S.D.J.

7